**LUCAS COUNTY COMMON PLEAS COURT**
**CASE DESIGNATION**

EFILED LUCAS COUNTY
07/02/2020 05:14 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 55776

**TO:  Bernie Quilter, Clerk of Courts**

CASE NO._____

JUDGE

The following type of case is being filed:

**Professional Malpractice**
- [ ] Legal Malpractice (L)
- [ ] Medical Malpractice (M)
- [ ] **Product Liability (B)**
- [ ] **Other Tort (C)**

**Workers' Compensation**
- [ ] State Funded (D)
- [ ] Self Insured (K)

- [ ] **Administrative Appeal (F)**

- [ ] **Commercial Docket**

**G-4801-CI-0202002448-000**
**Judge**
**DEAN P. MANDROS**

By submitting the complaint, with the signature of the Attorney, the Attorney affirms that the name of person with settlement authority and his/her direct phone number will be provided upon request to a party or counsel in this matter

**Other Civil**
- [ ] Consumer Fraud (N)
- [ ] Forfeiture
- [ ] Appropriation (P)
- [ ] Court Ordered
- [x] Other Civil (H)
- [ ] Certificate of Title
- [ ] Copyright Infringement (W)

This case was previously dismissed pursuant to CIVIL RULE 41 and is to be assigned to Judge _____, the original Judge at the time of dismissal. The previously filed case number was CI_____.

This case is a civil forfeiture case with a criminal case currently pending. The pending case number is_____, assigned to Judge _____

This case is a Declaratory Judgment case with a personal injury or related case currently pending. The pending case number is_____, assigned to Judge _____

This case is to be reviewed for consolidation in accordance with Local Rule 5.02 as a companion or related case. This designation sheet will be sent by the Clerk of Courts to the newly assigned Judge for review with the Judge who has the companion or related case with the lowest case number. The Judge who would receive the consolidated case may accept or deny consolidation of the case. Both Judges will sign this designation sheet to indicate the action taken. If the Judge with the lowest case number agrees to accept, the reassignment of the case by the Administration Judge shall be processed. If there is a disagreement between the Judges regarding consolidation, the matter may be referred to the Administrative Judge.

Related/companion case number_____  Assigned Judge_____

_____    _____
Approve/Deny              Date        Approve/Deny                       Date

**Attorney**     Joshua M Leizerman
**Address**      Leizerman & Young, LLP
                 3450 W. Central Ave., Suite 328, Toledo, Ohio 43606
**Telephone**    (419) 243-1010

**EXHIBIT A**

LUCAS COUNTY
07/02/2020 05:14 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 55776

**IN THE COURT OF COMMON PLEAS**
**LUCAS COUNTY, OHIO**

G-4801-CI-0202002448-000
**Judge**
**DEAN P. MANDROS**

**MARCIA TIMMS**
382 Overlook Drive
Waterville, OH 43566

and

**STEVEN TIMMS**
382 Overlook Drive
Waterville, OH 43566

Plaintiffs,

v.

**MEARS GROUP, INC.**
C/O CSC-Lawyers Incorporating
Service, Statutory Agent
601 Abbot Road,
East Lansing, MI 48823

and

**KEVIN MCCANN**
2451 Ruby Road
Mt. Pleasant, MI 48858

Defendants.

Case No.:

Judge

**COMPLAINT WITH JURY DEMAND**
**ENDORSED HEREON AND**
**INTERROGATORIES, REQUESTS**
**FOR PRODUCTION OF**
**DOCUMENTS AND REQUESTS**
**FOR ADMISSIONS ATTACHED**

Joshua M Leizerman (0088359)
Michael Jay Leizerman (0063945)
Leizerman & Young, LLP
3450 W. Central Avenue, Suite 328
Toledo, OH 43606
Phone: (419) 243-1010
Facsimile: (419) 243-8200
joshua@leizermanyoung.com
michael@leizermanyoung.com

*Attorneys for Plaintiffs*

Marcia Timms and Steven Timms file the following complaint.

1

## OVERVIEW

On or about July 10, 2018, Marcia Timms was traveling eastbound on I-475, in Toledo, Lucas County, Ohio, when she began to slow for stopped traffic ahead of her. At or about the same time, Defendant Kevin McCann was also traveling eastbound on I-475, behind Plaintiff Marcia Timms, when he failed to stop, slamming into the rear of Plaintiffs' vehicle. Plaintiff Marcia Timms sustained numerous injuries, including but not limited to her head, face, neck, arms, wrist, back, and legs.

## PARTIES

1.   Marcia Timms is domiciliary and citizens of the State of Ohio, residing in Lucas County. Steven Timms is a domiciliary of the State of Ohio, residing in Lucas County.

2.   Defendant Mears Group, Inc.is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 329431 and is a business entity organized and existing under the laws of the State of Delaware with its principal place of business in Rosebush, Michigan. Defendant Mears Group, Inc. has designated Corporation Service Company as its agent identified with the Ohio Secretary of State for the purpose of service of process.

3.   Defendant Kevin McCann resides at 2451 Ruby Road, Mt. Pleasant, Michigan, 48858.

## JURISDICTION and VENUE

4. This Court has subject matter jurisdiction, Ohio Rev. Code Ann. § 2305.01 as well as personal jurisdiction over the Defendants.

5. Venue is appropriate in this Court as this action arises from a motor vehicle collision that occurred in Lucas County, Ohio; therefore, Lucas County is the proper venue under Ohio Civ. R. 3(C)(6).

## FIRST CAUSE OF ACTION
*Negligence of Kevin McCann*

6. On July 10, 2018, Plaintiff Marcia Timms was traveling eastbound on I-475, in Toledo, Lucas County, Ohio, when she began to slow for stopped traffic ahead of her. At or about the same time, Defendant Kevin McCann was also traveling eastbound on I-475, behind Plaintiff Marcia Timms when he failed to stop, slamming into the rear of Plaintiffs' vehicle.

7. Defendant Kevin McCann had a duty to drive his truck in a safe and reasonable manner, to obey all traffic laws, to identify other vehicles on the road, including Marcia Timms, and to yield to her.

8. On July 10, 2018, Defendant Kevin McCann failed in the above-mentioned duties and is therefore negligent.

9. Defendant Kevin McCann's negligence was the direct and proximate cause of Marcia Timms's injuries, including but not limited to her head, face, neck, arms, wrist, back, and legs.

3

10. As a direct and proximate result of Defendant Kevin McCann's negligence, Plaintiff Marcia Timms incurred medical bills for the treatment of her injuries directly resulting from this collision.

11. As a direct and proximate result of Defendant Kevin McCann's negligence, Plaintiff Marcia Timms experienced physical and mental pain and suffering and lost the ability to perform usual activities, resulting in a diminished quality of life.

12. Defendant Kevin McCann's actions demonstrate a conscious disregard for the rights and safety of Marcia Timms and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant Kevin McCann.

## SECOND CAUSE OF ACTION
*Vicarious Liability of Defendant Mears Group, Inc.*

13. All allegations and causes of action above are incorporated into this cause of action by reference.

14. At all relevant times, Defendant Kevin McCann was the employee, agent, servant, or independent contractor for Defendant Mears Group, Inc. Accordingly, Defendant Mears Group, Inc. is vicariously liable for the acts of Defendant Kevin McCann described in the causes of action above.

15. Regardless of the employment or agency relationship, Defendant Mears Group, Inc. is an interstate motor carrier responsible for the acts of the defendant driver.

### THIRD CAUSE OF ACTION
*Strict Liability of Defendant Mears Group, Inc.*

16. All allegations and causes of action above are incorporated into this cause of action by reference.

17. Defendant Mears Group, Inc. is the registered owner of the USDOT number 329431 displayed on the truck involved in this collision and is therefore responsible for the acts of Defendant Kevin McCann.

### FOURTH CAUSE OF ACTION
*Negligence of Defendant Mears Group, Inc.*

18. All allegations and causes of action above are incorporated into this cause of action by reference.

19. Defendant Mears Group, Inc. had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Kevin McCann, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

20. Defendant Mears Group, Inc. had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

21. Defendant Mears Group, Inc. failed in the above-mentioned duties and was therefore negligent.

22. Defendant Mears Group, Inc.'s negligence was the direct and proximate cause of Marcia Timms's injuries and the damages described in this Complaint.

23. Defendant Barnes Transportation Services, Inc.'s actions demonstrate a conscious disregard for the rights and safety of Marcia Timms and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm. Accordingly, Plaintiffs demand punitive damages against Defendant Mears Group, Inc.

## FIFTH CAUSE OF ACTION
*Consortium Claim*

24. All allegations and causes of action above are incorporated into this cause of action by reference.

25. Plaintiffs Marcia Timms and Steven Timms were married at the time of the crash and remain married.

26. As a direct and proximate result of Defendants' negligence and statutory violations, Steven Timms has lost the companionship, society, services and consortium of Plaintiff Marcia Timms.

**WHEREFORE**, Plaintiffs respectfully requests judgment in their favor and against all Defendants, in an amount that is just and fair and in excess of Twenty-five thousand dollars ($25,000.00) (exclusive of costs and interest), in addition to punitive damages, costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

Joshua M Leizerman
Attorney for Plaintiff

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all triable issues.

Joshua M Leizerman
Attorney for Plaintiff

EFILED LUCAS COUNTY
07/02/2020 05:14 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 55776

**ORIGINAL**

## IN THE COURT OF COMMON PLEAS
## LUCAS COUNTY, OHIO

**MARCIA TIMMS**
382 Overlook Drive
Waterville, OH 43566

and

**STEVEN TIMMS**
382 Overlook Drive
Waterville, OH 43566

Plaintiffs,

v.

**MEARS GROUP, INC.**
C/O CSC-Lawyers Incorporating
Service, Statutory Agent
601 Abbot Road,
East Lansing, MI 48823

and

**KEVIN MCCANN**
2451 Ruby Road
Mt. Pleasant, MI 48858

Defendants.

Case No.:

Judge

**G-4801-CI-0202002448-000**
**Judge**
**DEAN P. MANDROS**

**INTERROGATORIES, REQUESTS
FOR PRODUCTION OF
DOCUMENTS AND REQUESTS
FOR ADMISSIONS TO
DEFENDANT MEARS GROUP, INC.**

Joshua M Leizerman (0088359)
Michael Jay Leizerman (0063945)
Leizerman & Young, LLP
3450 W. Central Avenue, Suite 328
Toledo, OH 43606
Phone: (419) 243-1010
Facsimile: (419) 243-8200
joshua@leizermanyoung.com
michael@leizermanyoung.com

*Attorneys for Plaintiffs*

## TO DEFENDANT MEARS GROUP, INC.:

The following Interrogatories, Requests for Production of Documents and Requests for Admission are submitted to Defendant Mears Group, Inc. ("Defendant" or "you") to be answered under oath, in writing, in writing within twenty-eight (28) days after the date of service thereon you, in accordance with the Ohio Court Rules. *If you believe any answer or response is privileged, please provide a privilege log, including a general description and who possesses any applicable documents.*

*Please contact mara@leizermanyoung.com to receive an electronic version of this document in MSWord format so that you can more easily fill in your responses.*

## INTERROGATORIES

**Interrogatory No. 1:**     Please list all owners of Mears Group, Inc. and percentage of ownership, respectively.

**ANSWER:**

**Interrogatory No. 2:**     Please list all other companies in which Mears Group, Inc.'s owners or shareholders hold an interest.

**ANSWER:**

**Interrogatory No. 3:**     Please list all predecessor and successor companies of Mears Group, Inc.

**ANSWER:**

**Interrogatory No. 4:**     Please list all prior names used by Mears Group, Inc. or related companies.

**ANSWER:**

**Interrogatory No. 5:**     Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

**ANSWER:**

**Interrogatory No. 6:**     Please state the full name, address, date of birth, employer and social security number of the driver of the tractor and trailer involved in the motor vehicle collision with Plaintiff on July 10, 2018.

**ANSWER:**

**Interrogatory No. 7:**    Please state whether Kevin McCann was employed by Mears Group, Inc. on the date of the collision. If so, describe his position and when he began working for Mears Group, Inc. If this person was <u>not</u> an employee of Mears Group, Inc., state the nature of the business relationship between Kevin McCann and Mears Group, Inc.

**ANSWER:**

**Interrogatory No. 8:**    If Kevin McCann was <u>not</u> acting within the course and scope of his employment at the time of the collision, please state each and every fact upon which you rely to base this claim and the name, address, and employer of each and every person who has knowledge of such information.

**ANSWER:**

**Interrogatory No. 9:**    Immediately following the incident of July 10, 2018, please state:

   a.  The person at Mears Group, Inc. who was first notified of the collision;
   b.  The date and time this person was notified; and
   c.  Whether anyone created a written record of the accident, and if so, when?

**ANSWER:**

**Interrogatory No. 10:**    Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of the circumstances surrounding the incident in question, or otherwise likely to have discoverable information.

**ANSWER:**

**Interrogatory No. 11:**  Has Mears Group, Inc., or anyone acting on its behalf, taken or received any statements, either orally or in writing, from any person relating to this collision? If so, please state the name of the person who gave the statement, who took the statement, its date, its substance, and whether counsel may obtain a copy of any such statement.

**ANSWER:**


**Interrogatory No. 12:**  At the time of the incident in question:

    a. List the name of any motor vehicle insurance, excess insurance, "umbrella" coverage, general liability insurance and/or other insurance which arguably provides coverage for Mears Group, Inc. and for the owner of the tractor and trailers;

    b. Liability coverage limit of each type of insurance identified; and

    c. The amount of any liability deductible and/or self-insured retention which requires payment from the Defendant.

**ANSWER:**


**Interrogatory No. 13:**  Identify any non-party who you claim is or may be liable to the claimant, in part or in whole, for the damages claimed but who has not been joined in the action as a party and the facts upon which you base this assertion.

**ANSWER:**


**Interrogatory No. 14:**  List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**ANSWER:**


**Interrogatory No. 15:**  Did Kevin McCann complete an application for employment with Mears Group, Inc.?

**ANSWER:**

**Interrogatory No. 16:**   Describe the content of the load in the trailer at the time of the crash, the weight of the load and the combined overall weight of the tractor, trailer and load.

**ANSWER:**


**Interrogatory No. 17:**   Please state the name, address, phone number, and title of the individual(s) at Mears Group, Inc. who could verify whether Kevin McCann was in compliance with local, state and federal safety regulations at the time of the motor vehicle collision with Plaintiff.

**ANSWER:**


**Interrogatory No. 18:**   Please state all training that Mears Group, Inc. provides or requires for its drivers. State specifically the training received by Kevin McCann.

**ANSWER:**


**Interrogatory No. 19:**   If the answer to Request for Admission No. 1 is anything but an unqualified admission, state the factual basis for your affirmative defense of "insufficiency of process" and/or "failure of service of process".

**ANSWER:**


**Interrogatory No. 20:**   Does Kevin McCann still work as an employee or contractor for Mears Group, Inc.? If not, when was his last day?

**ANSWER:**


**Interrogatory No. 21:**   At the time of the crash, did you maintain a driver manual, company handbook, or its equivalent, and if so, please describe.

**ANSWER:**

**Interrogatory No. 22:**   At the time of the crash, did you maintain a company safety rules handbook, or its equivalent, and if so, please describe.

**ANSWER:**

**Interrogatory No. 23:**   Please state Mears Group, Inc.'s USDOT number and whether the truck involved with this collision was operating under Mears Group, Inc.'s USDOT number at the time of the collision and/or had Mears Group, Inc.'s name on the vehicle.

**ANSWER:**

**Interrogatory No. 24:**   Identify all electronic devices in or attached to the tractor or trailer at the time of the crash, for example, cell phone, tablet, laptop, satellite communications, GPS, CB radio, radar detector, dash cam, and/or cell phone apps (mobile point).

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 1:**   Please produce documents showing the corporate structure of Mears Group, Inc., including all subsidiaries, parent companies and closely-related companies.

**ANSWER:**

**Request for Production No. 2:**   Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

**ANSWER:**

**Request for Production No. 3:**   Please produce all documents prepared concerning all post-crash inspections performed on the driver, tractor and trailer involved in this collision.

**ANSWER:**

**Request for Production No. 4:**     Please provide any preventability determination made by the truck company or anybody else regarding this collision.

**ANSWER:**

**Request for Production No. 5:**  Please produce all leases and contracts that were in effect for the tractor and trailers on the day of the crash.

**ANSWER:**

**Request for Production No. 6:**  Please produce the entire personnel file of Kevin McCann.

**ANSWER:**

**Request for Production No. 7:**  Please produce the entire qualification file of Kevin McCann, including, but not limited to, documents maintained pursuant to 49 CFR 391.51 and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

**ANSWER:**

**Request for Production No. 8:**  Please produce documents, screenshots, or other data obtained from pre-employment screen program (PSP).

**ANSWER:**

**Request for Production No. 9:**     Please produce the entire drug and alcohol file of Kevin McCann, including, but not limited to, pre-employment, post-accident, random, reasonable suspicion, and return to duty drug and alcohol testing results, including those maintained pursuant to 49 CFR 382.401, preserved pursuant to 49 CFR 379 (including Appendix A, Note A) and released pursuant to 49 CFR 40.323.

**ANSWER:**

**Request for Production No. 10:**    Please produce the entire driver investigation history file or its equivalent for Kevin McCann, including, but not limited to, documents maintained pursuant to 49 CFR 391.53 and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

**ANSWER:**

**Request for Production No. 11:** Please produce any other file kept concerning Kevin McCann.

**ANSWER:**

**Request for Production No. 12:** Please produce any and all payroll and benefit records, including independent contractor settlement records, if applicable, for Kevin McCann for one year prior to the collision to one year after the collision.

**ANSWER:**

**Request for Production No. 13:** Please produce records of any payments of all cancelled checks or direct deposits of any kind paid to Kevin McCann one month prior and two months after the collision.

**ANSWER:**

**Request for Production No. 14:** Please produce originals of all logs—official or unofficial—of Kevin McCann for the six months before the collision involving Plaintiff and for thirty days after the collision, if any logs were kept.

**ANSWER:**

**Request for Production No. 15:**  Please  produce  all  supporting documents for Kevin McCann's logs for the eight days prior to the collision and for the day of the collision.  Specifically, produce the supporting documents listed below which Mears Group, Inc. is required to maintain under 49 CFR 395.8(k) and to preserve under 49 CFR 379 (including Appendix A, Note A):

   a.  Bills of lading;
   b.  Carrier pros;
   c.  Freight bills;
   d.  Dispatch records;
   e.  Driver call-in records;
   f.  Gate record receipts;
   g.  Weight/scale tickets;
   h.  Fuel billing statements and/or summaries;
   i.  Toll receipts;
   j.  International registration plan receipts;
   k.  International fuel tax agreement receipts;
   l.  Trip permits;
   m.  Lessor settlement sheets;
   n.  Port of entry receipts;
   o.  Cash advance receipts;
   p.  Delivery receipts;
   q.  Lumper receipts;
   r.  Interchange and inspection reports;
   s.  Over/short and damage reports;
   t.  Agricultural inspection reports;
   u.  Commercial Vehicle Safety Alliance reports;
   v.  Crash reports;
   w.  Telephone billing statements;
   x.  Credit card receipts;
   y.  Driver fax reports;
   z.  On-board computer reports
   aa.  Border crossing reports
   bb.  Custom declarations
   cc.  Traffic citations
   dd.  Overweight/oversize reports and citations
   ee.  And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

**ANSWER:**

**Request for Production No. 16:** Please produce all records of health insurance claims, disability claims, sickness or doctor's notes or excuses of Kevin McCann for the five years prior to the collision involving Plaintiff.

**ANSWER:**


**Request for Production No. 17:** Please produce any and all cellular and telephone records and bills of Kevin McCann for the day of the collision.

**ANSWER:**


**Request for Production No. 18:** Please produce all printouts, downloads, etc. obtained from any and all GPS devices, including cell phones or otherwise, that show the coordinates of Kevin McCann's whereabouts for the eight days before the crash.

**ANSWER:**


**Request for Production No. 19:** Please produce copies of any and all satellite communications and emails for the day of the collision involving Plaintiff and seven days prior, as well as all recorded ECM (electronic control module), EDR (event data recorder), and/or SDM (sensing & diagnostic module) chronological data with reference to all data available.

**ANSWER:**


**Request for Production No. 20:** Please produce all still shots or video for July 10, 2018 from any Drive Cam or other camera in or on the truck driven by Kevin McCann.

**ANSWER:**


**Request for Production No. 21:** Please produce any and all credit card, debit card, bank statements, bills and receipts for Kevin McCann for the day of and the day before the motor vehicle collision with Plaintiff.

**ANSWER:**

**Request for Production No. 22:** Please produce copies of compliance reviews of Mears Group, Inc. for the last five years. If none, produce the most recent.

**ANSWER:**


**Request for Production No. 23:** Please produce any and all correspondence to USDOT or FMCSA in response to compliance reviews, including any corrective action plans or proposals.

**ANSWER:**


**Request for Production No. 24:** Please produce any and all state safety audits for Kevin McCann the year of this collision and three years prior.

**ANSWER:**


**Request for Production No. 25:** Please produce any and all accident reports filed for Kevin McCann the year of this collision and ten years prior.

**ANSWER:**


**Request for Production No. 26:** Please produce all internal, state, DOT, or other inspection reports regarding Kevin McCann for the year of this collision and three years prior.

**ANSWER:**


**Request for Production No. 27:** Please produce all internal, state, DOT, or other inspection reports for the tractor and trailers involved in the crash for the year of the collision and one year prior.

**ANSWER:**

**Request for Production No. 28:** Produce any photographs taken of the vehicle operated by Plaintiff at the scene of the collision, or any time after.

**ANSWER:**

**Request for Production No. 29:** Produce any photographs taken of the tractor and trailer operated by Kevin McCann at the scene of the collision, or any time after.

**ANSWER:**

**Request for Production No. 30:** Produce copies of any documentation evidencing the completion or non-completion of training programs, driver orientation programs or safe driving programs by Kevin McCann for Mears Group, Inc.

**ANSWER:**

**Request for Production No. 31:** Produce all insurance policies and all endorsements (including MSC—90) including liability, general liability, excess, umbrella, and all other insurance policies, that will cover or arguably cover damages claimed in the collision involving Plaintiff.

**ANSWER:**

**Request for Production No. 32:**  Please produce a copy of the Mears Group, Inc.'s driver manual, company handbook, or their equivalent.

**ANSWER:**

**Request for Production No. 33:** Please produce a copy of the company safety rules or its equivalent issued to Kevin McCann.

**ANSWER:**

**Request for Production No. 34:**     Please produce the printout(s) from any commercial software program (e.g., JJ Keller's LogChecker®) or customized program used to record and audit Kevin McCann's log book entries for the one year preceding the collision of July 10, 2018.

**ANSWER:**


**Request for Production No. 35:** Please     produce     the     complete unemployment file of Kevin McCann, if applicable.

**ANSWER:**


**Request for Production No. 36:** Please produce the complete workers' compensation file of Kevin McCann, if applicable.

**ANSWER:**


**Request for Production No. 37:** Please   produce   all   correspondence between Mears Group, Inc. and its insurance company or companies relative to the collision described in Plaintiff's complaint.

**ANSWER:**


**Request for Production No. 38:**  Please produce any and all correspondence between Mears Group, Inc. and Defendant Kevin McCann from beginning of employment or business relationship to present.

**ANSWER:**


**Request for Production No. 39:** Please   produce   any   and   all   leases, contracts, bill of ladings, or any other agreements or purchase orders with respect to the load involved in this collision and with Kevin McCann.

**ANSWER:**

**Request for Production No. 40:** Please produce all records involving the purchase, sale or other transfer, and maintenance of the semi-tractor trailer involved in this crash.

**ANSWER:**

## REQUESTS FOR ADMISSIONS

**Request for Admissions No. 1:**   Admit or deny that Mears Group, Inc. was served a copy of the Complaint in this matter.

**ANSWER:**

**Request for Admissions No. 2:**   Admit or deny that Kevin McCann was acting in the scope and course of his employment with Mears Group, Inc. on July 10, 2018 when the collision with Plaintiff occurred.

**ANSWER:**

**Request for Admissions No. 3:**   Admit or deny that Kevin McCann was negligent in the collision of July 10, 2018.

**ANSWER:**

**Request for Admissions No. 4:**   Admit or deny that Mears Group, Inc. was negligent in the collision of July 10, 2018.

**ANSWER:**

**Request for Admissions No. 5:**   Admit or deny that Marcia Timms was not negligent with respect to the collision of July 10, 2018.

**ANSWER:**

**Request for Admissions No. 6:** Admit or deny that the negligence of Kevin McCann or Mears Group, Inc. solely and proximately caused Marcia Timms's injuries.

**ANSWER:**

**Request for Admissions No. 7:** Admit or deny that the negligence of Kevin McCann or Mears Group, Inc. was a cause of Marcia Timms's injuries and death.

**ANSWER:**

**Request for Admissions No. 8:** Admit or deny that Mears Group, Inc. owned the tractor and trailer involved in the incident described in Plaintiff's complaint.

**ANSWER:**

**Request for Admissions No. 9:** Admit that USDOT number 329431 was displayed on the side of the semi-tractor trailer driven by Kevin McCann that was involved in the collision described in Plaintiff's complaint.

**ANSWER:**

Respectfully submitted,

/s/ Joshua M Leizerman
Joshua M Leizerman (0088359)
Michael Jay Leizerman (0063945)
Leizerman & Associates
3450 W. Central Avenue, Suite 328
Toledo, OH 43606
Phone: (419) 243-1010
Facsimile: (419) 243-8200
joshua@leizermanyoung.com
michael@leizermanyoung.com

*Attorneys for Plaintiff*

ORIGINAL

LUCAS COUNTY
07/02/2020 05:14 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 55776

**IN THE COURT OF COMMON PLEAS**
**LUCAS COUNTY, OHIO**

**MARCIA TIMMS**
382 Overlook Drive
Waterville, OH 43566

and

**STEVEN TIMMS**
382 Overlook Drive
Waterville, OH 43566

       Plaintiffs,

v.

**MEARS GROUP, INC.**
C/O CSC-Lawyers Incorporating
Service, Statutory Agent
601 Abbot Road,
East Lansing, MI 48823

and

**KEVIN MCCANN**
2451 Ruby Road
Mt. Pleasant, MI 48858

       Defendants.

Case No.:

Judge

**G-4801-CI-0202002448-000**
**Judge**
**DEAN P. MANDROS**

**INTERROGATORIES, REQUESTS**
**FOR PRODUCTION OF**
**DOCUMENTS AND REQUESTS**
**FOR ADMISSIONS TO**
**DEFENDANT KEVIN MCCANN**

Joshua M Leizerman (0088359)
Michael Jay Leizerman (0063945)
Leizerman & Young, LLP
3450 W. Central Avenue, Suite 328
Toledo, OH 43606
Phone: (419) 243-1010
Facsimile: (419) 243-8200
joshua@leizermanyoung.com
michael@leizermanyoung.com

*Attorneys for Plaintiffs*

**TO DEFENDANT KEVIN MCCANN:**

The following Interrogatories, Requests for Production of Documents and
Requests for Admission are submitted to Defendant Kevin McCann
("Defendant" or "you") to be answered under oath, in writing within twenty-
eight (28) days after the date of service thereon you, in accordance with
the Ohio Court Rules. *If you believe any answer or response is privileged,*
*please provide a privilege log, including a general description and who*
*possesses any applicable documents.*

*Please contact mara@leizermanyoung.com to receive an electronic version of this document in MSWord format so that you can more easily fill in your responses.*

## INTERROGATORIES

**Interrogatory No. 1.**     Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

**ANSWER:**

**Interrogatory No. 2.**     Where were you going and where were you coming from at the time of the collision as alleged in the Complaint?

**ANSWER:**

**Interrogatory No. 3.**     Please state in detail how the collision occurred. If there is more than one version, state separately and identify its source.

**ANSWER:**

**Interrogatory No. 4.**     State the full name and address of each person who witnessed or claims to have witnessed the collision.

**ANSWER:**

**Interrogatory No. 5.**     Did you give a statement(s), oral or written, to anyone concerning the incident as alleged in Plaintiff's Complaint? If so, state the name and address of person taking such statement(s).

**ANSWER:**

**Interrogatory No. 6.**     Other than the incident at issue, please list all other incidents involving alleged personal injury accidents, collisions and crashes, whether or not you believe you were at fault, in which you have been involved as the driver of a commercial or personal vehicle.

**ANSWER:**

**Interrogatory No. 7.**    Please state with whom you were employed/under lease agreement within the last five years prior to the collision with Plaintiff. Please state the place of your employment/lease, supervisors, type of work, and the length of time you were employed/leased at each place of employment.

**ANSWER:**

**Interrogatory No. 8.**    List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**ANSWER:**

**Interrogatory No. 9.**    Has any person likely to have discoverable information about the claims and defenses in this case given a written or recorded statement to you or your agent? If so, please state the name and address of such person and the name and address of the person who has the present custody or control of each such statement.

**ANSWER:**

**Interrogatory No. 10.**    Have you, your agents, your attorneys, insurance company or anyone on your behalf requested and/or received any information from any computer information source or center concerning the plaintiff in this suit? If so, please state the name, address and job title of the person in possession or control of this information, the date the information was ordered, and the name, address, job title of the person so ordering the information, and the name of the information source or center used.

**ANSWER:**

**Interrogatory No. 11.**    If the answer to Request for Admission No. 1 is anything but an unqualified admission, state the factual basis for your affirmative defense of "insufficiency of process" and/or "failure of service of process".

**ANSWER:**

**Interrogatory No. 12.**  Please state whether you completed a driver's accident form or its equivalent at any time for your employer/lessor detailing the incident of July 10, 2018.

**ANSWER:**


**Interrogatory No. 13.**  List all states in which you operated a commercial vehicle in the 36 months prior to the motor vehicle collision involving Plaintiff.

**ANSWER:**


**Interrogatory No. 14.**  Please state who you were working for at the time of the collision, including which company or companies and specific individuals within those companies, and the specific nature of such employment.

**ANSWER:**


**Interrogatory No. 15.**  Have you ever been diagnosed with sleep apnea or any other sleep disorder?

**ANSWER:**


**Interrogatory No. 16.**  Had you ingested any legal or illegal drugs in the 24 hours before the crash? If so, please list them.

**ANSWER:**


**Interrogatory No. 17.**  Had you ingested any alcohol in the 24 hours before the crash? If so, please list what and how much.

**ANSWER:**

**Interrogatory No. 18.**   Identify all electronic devices in or attached to the trailer at the time of the crash, for example, cell phone, tablet, laptop, satellite communications, GPS, CB radio, radar detector, dash cam, and/or cell phone apps (mobile point).

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request for Production No. 1:**   Please produce any and all cellular and telephone records and bills for the day of the collision.

**ANSWER:**

**Request for Production No. 2:**   Please produce all printouts, downloads, etc. obtained from any and all GPS devices, including cell phones or otherwise, that show the coordinates of your whereabouts for the eight days before the crash.

**ANSWER:**

**Request for Production No. 3:**   Please produce the cell phone to be downloaded by a mutually agreeable expert.

**ANSWER:**

**Request for Production No. 4:**   Please produce originals of all hours of service driving logs—official or unofficial—for the six months before the collision and for thirty days after the collision.

**ANSWER:**

**Request for Production No. 5:**   Please produce any and all credit card, debit card, bank statements, bills and receipts for the day of and the day before the collision.

**ANSWER:**

**Request for Production No. 6:**   Please produce any and all documents or other materials provided to you at any time from Mears Group, Inc.

**ANSWER:**


**Request for Production No. 7:**   Please produce any and all documents that were relied on to respond to the Interrogatories.

**ANSWER:**


**Request for Production No. 8:**   Please produce any information obtained as identified in Interrogatory No. 12.

**ANSWER:**


## REQUESTS FOR ADMISSIONS

**Request for Admissions No. 1:**   Admit or deny that you were served a copy of the Complaint in this matter.

**ANSWER:**


**Request for Admissions No. 2:**   Admit that you were acting in the scope and course of your employment with Mears Group, Inc. on July 10, 2018 when the collision with Plaintiff occurred.

**ANSWER:**

**Request for Admissions No. 3:**   Admit that you were negligent in the collision of July 10, 2018.

**ANSWER:**


**Request for Admissions No. 4:**   Admit that Marcia Timms was not negligent with respect to the collision of July 10, 2018.

**ANSWER:**

**Request for Admissions No. 5:**   Admit  that  your  negligence  solely  and proximately caused Marcia Timms' injuries and death.

**ANSWER:**

**Request for Admissions No. 6:**   Admit that your negligence was a cause of Marcia Timms' injuries and death.

**ANSWER:**

Respectfully submitted,

/s/ Joshua M Leizerman
Joshua M Leizerman (0088359)
Michael Jay Leizerman (0063945)
Leizerman & Young
3450 W. Central Avenue, Suite 328
Toledo, OH 43606
Phone: (419) 243-1010
Facsimile: (419) 243-8200
joshua@leizermanyoung.com
michael@leizermanyoung.com

*Attorneys for Plaintiff*

# LUCAS COUNTY COMMON PLEAS COURT
CORNER ADAMS & ERIE STREETS
TOLEDO, OHIO 43604
## SUMMONS
## CIVIL ACTION
### FILING TYPE:                    OTHER CIVIL

MEARS GROUP INC                                G-4801-CI-0202002448-000
C/O CSC LAWYERS INCORPORATING SERVICE          JUDGE:  DEAN MANDROS
STATUTORY AGENT
601 ABBOT ROAD
EAST LANSING, MI 48823

You have the right to seek legal counsel.  If you cannot afford a lawyer, you may contact the Legal Services of Northwest Ohio.  If you do not qualify for services by the Legal Services of Northwest Ohio and do not know an attorney you may contact the Toledo Bar Association's Lawyer Referral Service (419) 242-2000.

You have been named as a defendant in a Complaint filed in this Court by the plaintiff named below.  A copy of the Complaint  is attached to this Summons.

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint, within twenty-eight (28) days after you receive this Summons, exclusive of the of the day of service  or   to an amended complaint within the remaining response time to the complaint or 14 days, whichever period may be longer.  Your answer must be filed with the Clerk of Court of Common Pleas within three (3) days after the service of a copy of the Answer on the plaintiff's attorney.

If you fail to serve and file your Answer, judgment by default will be rendered against you for the relief demanded in the Complaint.

PLAINTIFF (S)                                  ATTORNEY FOR PLAINTIFF(S)
MARCIA TIMMS                                   JOSHUA M LEIZERMAN
382 OVERLOOK DRIVE                             3450 W CENTRAL AVENUE
WATERVILLE, OH 43566                           STE 328
                                               TOLEDO, OH 43606

                                               BERNIE QUILTER
                                               CLERK OF COURTS

Date:  July 07, 2020

                                               _J. Bernie Quilter_____ . Clerk



# IF YOU DO <u>NOT</u> HIRE AN ATTORNEY
## PLEASE READ & RESPOND
### (mark <u>one</u> & respond)

☐ I request to be notified by <u>email</u>

My email address _____

**OR**

☐ I request to be notified by <u>regular mail</u>
*(Clerk will forward to Court for approval)*

My mailing address _____
_____
_____

**Send email to:** Lwatt@co.lucas.oh.us
Subject:  G-4801-CI-0202002448-000
           MEARS GROUP INC
Message:  Your email address

**Return this Form with your address to:**
Clerk of Court
Lucas County Common Pleas Court
700 Adams
Toledo, OH  43604

---

## If you do NOT hire an attorney & fail to respond
## you will NOT receive notification of events related to this case

Case Information is available Online at:
www.co.lucas.oh.us/Clerk
click on the "Dockets Online" link

*Local Rule 5.05 H. SERVICE BY CLERK'S OFFICE Once journalized, the Clerk of courts Office will transmit the entries to the email address submitted by the parties. Counsel for a party or Pro Se litigant representing themselves who do not have an email address may, by motion, request ordinary mail service of entries by the Clerk of Courts Office.*

## LUCAS COUNTY COMMON PLEAS COURT
CORNER ADAMS & ERIE STREETS
TOLEDO, OHIO 43604
## SUMMONS
## CIVIL ACTION
**FILING TYPE:**                    **OTHER CIVIL**

KEVIN MCCANN                                   G-4801-CI-0202002448-000
2451 RUBY ROAD                                 JUDGE:  DEAN MANDROS
MT PLEASANT, MI 48858

     You have the right to seek legal counsel.  If you cannot afford a lawyer, you may contact the Legal Services of Northwest Ohio.  If you do not qualify for services by the Legal Services of Northwest Ohio and do not know an attorney you may contact the Toledo Bar Association's Lawyer Referral Service (419) 242-2000.

     You have been named as a defendant in a Complaint filed in this Court by the plaintiff named below.  A copy of the Complaint  is attached to this Summons.

     You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint, within twenty-eight (28) days after you receive this Summons, exclusive of the of the day of service  or   to an amended complaint within the remaining response time to the complaint or 14 days, whichever period may be longer.  Your answer must be filed with the Clerk of Court of Common Pleas within three (3) days after the service of a copy of the Answer on the plaintiff's attorney.

     If you fail to serve and file your Answer, judgment by default will be rendered against you for the relief demanded in the Complaint.

PLAINTIFF (S)                                   ATTORNEY FOR PLAINTIFF(S)
MARCIA TIMMS                                    JOSHUA M LEIZERMAN
382 OVERLOOK DRIVE                             3450 W CENTRAL AVENUE
WATERVILLE, OH 43566                           STE 328
                                               TOLEDO, OH 43606

                                               BERNIE QUILTER
                                               CLERK OF COURTS
Date:  July 07, 2020

                                 _J Bernie Quilter_____ , Clerk



# IF YOU DO <u>NOT</u> HIRE AN ATTORNEY
## PLEASE READ & RESPOND
### (mark <u>one</u> & respond)

☐ I request to be notified by <u>email</u>

My email address _____

**OR**

☐ I request to be notified by <u>regular mail</u>
*(Clerk will forward to Court for approval)*

My mailing address _____
_____
_____

**Send email to:** Lwatt@co.lucas.oh.us
Subject:       G-4801-CI-0202002448-000
                KEVIN MCCANN
Message:     Your email address

**Return this Form with your address to:**
Clerk of Court
Lucas County Common Pleas Court
700 Adams
Toledo, OH 43604

## If you do NOT hire an attorney & fail to respond
## you will NOT receive notification of events related to this case

Case Information is available Online at:
www.co.lucas.oh.us/Clerk
click on the "Dockets Online" link

*Local Rule 5.05 H. SERVICE BY CLERK'S OFFICE Once journalized, the Clerk of courts Office will transmit the entries to the email address submitted by the parties. Counsel for a party or Pro Se litigant representing themselves who do not have an email address may, by motion, request ordinary mail service of entries by the Clerk of Courts Office.*

G-4801-CI-0202002448-000   KEVIN MCCANN  Generated:  July 07, 2020



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MEARS GROUP INC
G-4801-CI-0202002448-000  CK*

9590 9402 4429 8248 2609 86

2. Article Number (Transfer from service label)

7019 0700 0000 5013 8821

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                              ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

EAST LA JUL 13 2020 USPS

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt



USPS TRACKING#

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 0425 8248 2609 86

**United States**
**Postal Service**

JUL 2 0 20

FILED

Lucas Co. Com. Pleas Court
Bernie Quilter Clerk

• Sender: Please print your name, address, and ZIP+4® in this box•

Bernie Quilter
Lucas County Clerk of Courts
700 Adams St.
Toledo, Ohio 43604

[Public Documents](#)

LUCAS COUNTY COURT OF COMMON PLEAS

J. BERNIE QUILTER, CLERK

700 ADAMS STREET

TOLEDO, OHIO

TIME: 9:25:04 AM

DATE: 8/5/2020

Select Language

Powered by Google Translate

CASE:    G-4801  -CI    -202002448-000

TITLE:    TIMMS ETAL VS MERAS GROUP ETAL

JUDGE: DEAN MANDROS                    STATUS: ACTIVE/PENDING

FILING DATE:    7/2/2020          CASE TYPE: CI          CIVIL

---

MONETARY AMOUNT:                              DOCKET/PAGE:

ORIGINAL COURT:                                    TAX TYPE:

PREVIOUS CASE NUMBER:              STATE OF OHIO NUMBER:

---

| **Party** | **Counsel** |
|---|---|
| PLAINTIFF 1: | |
| TIMMS MARCIA | MICHAEL J. LEIZERMAN |
| 382 OVERLOOK DRIVE | 8006284500 |
| WATERVILLE, OH 43566 | 3450 W CENTRAL AVENUE |
| | STE 328 |
| | TOLEDO, OH 43606 |
| PLAINTIFF 1: | |
| | JOSHUA M LEIZERMAN |
| | 8006284500 |
| | 3450 W CENTRAL AVENUE |
| | STE 328 |
| | TOLEDO, OH 43606 |
| PLAINTIFF 2: | |
| TIMMS STEVEN | MICHAEL J. LEIZERMAN |
| 382 OVERLOOK DRIVE | 8006284500 |
| WATERVILLE, OH 43566 | 3450 W CENTRAL AVENUE |
| | STE 328 |
| | TOLEDO, OH 43606 |
| PLAINTIFF 2: | |
| | JOSHUA M LEIZERMAN |
| | 8006284500 |
| | 3450 W CENTRAL AVENUE |
| | STE 328 |
| | TOLEDO, OH 43606 |
| DEFENDANT 1: | |
| MEARS GROUP INC | |
| C/O CSC LAWYERS | |
| INCORPORATING SERVICE | |
| STATUTORY AGENT | |
| 601 ABBOT ROAD | |
| EAST LANSING, MI 48823 | |
| DEFENDANT 2: | |
| MCCANN KEVIN | |
| 2451 RUBY ROAD | |
| MT PLEASANT, MI 48858 | |

| DATE | SEQ | EVENT |
|------|-----|-------|
| 7/2/2020 | 1 | Title : OPN:COMPLAINT FILED<br>WITH JURY DEMAND ENDORSED HEREON AND INTERROGATORIES<br>REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR<br>ADMISSIONS ATTACHED<br>**PARTY :** P1 - TIMMS MARCIA |
| 7/2/2020 | 2 | Title : EVT:CASE DESIGNATION FRM FILED<br>**PARTY :** P1 - TIMMS MARCIA |
| 7/2/2020 | 3 | Title : PLD:FIRST SET INTERROGATORIES<br>INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND<br>REQUESTS FOR ADMISSIONS TO DEFENDANT MEARS GROUP INC<br>**PARTY :** P1 - TIMMS MARCIA |
| 7/2/2020 | 4 | Title : PLD:FIRST SET INTERROGATORIES<br>INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS<br>AND REQUESTS FOR ADMISSIONS TO DEFENDANT KEVIN MCCANN<br>**PARTY :** P1 - TIMMS MARCIA |
| 7/7/2020 | 1 | Title : FRM:CIVIL SUMMONS ISSUED<br>Form Number S2-212153<br>Issued by CKr (6835) FRM:CIVIL SUMMONS ISSUED<br>**PARTY :** D1 - MEARS GROUP INC |
| 7/7/2020 | 2 | Title : FRM:CIVIL SUMMONS ISSUED<br>Form Number S2-212154<br>Issued by CKr (6835) FRM:CIVIL SUMMONS ISSUED<br>**PARTY :** D2 - MCCANN KEVIN |
| 7/7/2020 | 3 | Title : SRV:SUMM & COMPLT ISSUED<br>SUMMONS AND COPY OF COMPLAINT SENT CERTIFIED MAIL #<br>MEARS GROUP INC<br>C/O CSC LAWYERS INCORPORATING SERVICE STATUTORY AGENT<br>601 ABBOT ROAD<br>EAST LANSING, MI 48823<br>7019 0700 0000 5013 8821<br>KEVIN MCCANN<br>2451 RUBY ROAD<br>MT PLEASANT, MI 48858<br>7019 0700 0000 5013 8814<br>**PARTY :** P1 - TIMMS MARCIA |
| 7/20/2020 | 1 | Title : RTN:CERTIFIED MAIL<br>RETURN RECEIPT FOR CERTIFIED MAIL #7019 0700 0000 5013 8821<br>SIGNED: ILLEGIBLE<br>DATE: 7-13-20<br>MEARS GROUP INC<br>**PARTY :** D1 - MEARS GROUP INC |

Disclaimer : The public record information available here reflects the docket entries and journals required by Ohio law to be kept by the Lucas County Clerk of the Court of Common Pleas. This information reflects the actual documents filed and kept at the Clerk of Courts Legal Division, located in the Lucas County Courthouse, at Adams and Erie Streets in Toledo, Ohio, 43624. The data entry, though generally deemed reliable, cannot be guaranteed. The information may appear on the Internet Docket before the entry is actually signed and journalized. Of course the proposed action is official only when signed and journalized. In no event shall the Lucas County Clerk of the Court of Common Pleas, or any other Lucas County department, agency, or official be held liable for damage of any nature, direct or indirect, arising from the use of this Internet product; including loss of profits, loss of savings, or other incidental or consequential damages.